UNITED STATES, Appellee,

v.

Harold E. WARD, Private, U. S. Army, Appellant.

No. 33,403.

SPCM 11976.

U. S. Court of Military Appeals.

Sept. 12, 1977.

Captain Preston Wilson argued the cause for Appellant, Accused. With him on the brief were Colonel Alton H. Harvey, Colo-nel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Captain D. David Hostler and Captain Ronald F. Larson.

Captain Clement L. Hyland argued the cause for Appellee, United States. With him on the brief were Major John T. Sherwood, Jr. and Captain Gary F. Thorne.

Opinion of the Court

COOK, Judge:

Appellant was convicted by a special court-martial with members of the transfer of heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The sole question presented on appeal is whether the military judge should have recused himself rather than denying the request for trial before judge alone.

During an Article 39(a) [1] session, the military judge noted that he had previously presided over a case in which a Private Ault was the accused. Appellant here had appeared as a defense witness in the *Ault* case and his testimony included an admission that he had used drugs. The Government, in turn, attempted to call a rebuttal witness during Ault's trial and, although the witness was not allowed to testify, the military judge assumed his testimony could have reflected unfavorably upon the appellant's credibility. However, the military judge noted that he had made no determination as to the appellant's credibility and he was not predisposed towards the issue.

Upon examination by the parties, the military judge observed that Private Ault testified in his own defense and judicially confessed the crime involved.[2] In view of this confession, the military judge was of the opinion that "in the last case Private Ault's testimony appeared to be credible." Defense counsel stated that he did not desire to challenge the military judge; however, Private Ault was expected to be called as a defense witness, and the Government as-

---

1. Uniform Code of Military Justice, 10 U.S.C. § 839(a).

2. Private Ault unsuccessfully attempted to assert a defense of entrapment.

serted this as a basis for challenging the military judge. The challenge was denied and the appellant submitted a written request for trial by military judge alone. The military judge denied the request with the following remarks:

MJ: Under the circumstances of this case, since we are talking [about] an incident, although trial of a prior case is not grounds for challenge and would not be a grounds for challenge by the defense or the Government, I think I am going to disapprove the request for trial by judge alone. I'm basing this on the fact that since we are talking basically [about] a two or three witness case and the question of credibility is going to be the ultimate issue in the case, where I have had the opportunity to observe and in my opinion I believed Private Ault to be truthful and I did believe him in the last court, I don't feel I am compelled to believe him in this court, and I don't necessarily say that I would. I think the interests of justice require that both the Government and the defense be allowed to have the case tried before an impartial factfinder. And since I don't believe that the Government's challenge as such is totally frivolous [sic], although I did deny it, I don't think that I have a predisposition one way [or] the other way to state that I would believe Ault and would under all circumstances believe him. I think . . . the best interest of all parties concerned . . . [with] this case would be [better served] if there was in fact, a separate factfinder other than myself. For this reason the request for trial by judge alone is denied.

Appellant was tried before members. Private Ault testified for the defense to the effect that appellant was an innocent bystander during the drug transaction and appellant testified to the same effect. This testimony was in direct conflict with that of a Government witness who testified the appellant actively participated in the transaction. In view of the finding of guilty, the Government witness' version of the events was obviously accepted by the triers of fact.

On appeal, the appellant asserts that the Government's challenge should have been granted. He submits that, by denying the Government's challenge, his right to be tried by judge alone was improperly rejected when the military judge insisted on a trial with court members in an effort to insure fairness to all the parties. Thus, he reasons that the only proper alternative was the recusal of the military judge. This argument necessarily requires our examination of the nature of a trial before judge alone in the military.

Prior to the Military Justice Act of 1968,[3] there were no trials by judge alone in the military. This legislation amended Article 16, UCMJ, 10 U.S.C. § 816, to provide for trial by judge alone before general courts-martial and special courts-martial when a judge is detailed, if the accused submits a written request for such a trial after being informed of the identity of the judge. Senate Report No. 1601, 90th Cong., 2nd Sess., U.S. Code Congressional and Administrative News, pp. 4504, 4505 (1968), contains the following comments:

The bill as passed by the House made the election of the accused to be tried by such a single-officer court subject to the approval of the military judge and the consent of the convening authority. The committee has amended the provision by deleting the requirement for consent by the convening authority. The report of the Committee on Armed Services of the House of Representatives states that the provision is modeled after rule 23a of the Federal Rules of Criminal Procedure, which provides that both the court and the Government must consent to waiver by the defendant of trial by jury. However, the committee believes that there are differences between the military community and the civilian community which makes such an exact parallel in procedures inadvisable. The command structure in the military presents a possibility of undue prejudicial command influence that is not present in civilian life. In any

---

3. P.L. 90–632, 82 Stat. 1335.

case, the military judge, after having heard arguments from both trial counsel and defense counsel concerning the appropriateness of trial by a military judge alone, will be in the best position to protect the interests of both the Government and the accused.

Accordingly, the amendment to Article 16 was meant to equate the right to a bench trial in the military with its civilian counterpart except, unlike rule 23 a, the consent of the Government is not required. The United States Supreme Court held in *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965) that there was no constitutional right to a trial before a judge alone and concluded the procedure established by rule 23 a, which required the consent of both the court and Government for such a trial, was reasonable. *Singer* was cited with approval in *United States v. Jackson,* 390 U.S. 570, 584, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). Thus, the Court found no error in the trial court's rejection of an accused's request for a bench trial. *Accord, United States v. Joyce,* 499 F.2d 9 (7th Cir. 1974), *cert. denied,* 419 U.S. 1031, 95 S.Ct. 512, 42 L.Ed.2d 306 (1974).

While Article 16 does not require the consent of the Government, it does require the approval of the military judge. Such approval is a necessary prerequisite for a bench trial and Article 16, like rule 23 a, creates no absolute right to trial by judge alone. Indeed, commenting on the nature of the right to request such a trial, this Court observed in *United States v. Morris,* 23 U.S.C.M.A. 319, 324, 49 C.M.R. 653, 658 (1975):

> A request for trial by judge alone is not operative on its submission by the accused, but rather on approval by the judge. This requirement led the Court of Military Review below to conclude that Congress intended to invest the judge with some discretion as to whether to approve or disapprove a submitted request. We think the court was correct in that view.

*Accord, United States v. Bryant,* 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975). Under the circumstances of the present case, the denial of the appellant's request was a proper exercise of the military judge's discretion.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.