**UNITED STATES, Appellee,**

v.

**Terrold B. BUTLER, Captain, U. S. Air Force, Appellant.**

No. 40,139.
ACM 22778.

U. S. Court of Military Appeals.

Sept. 7, 1982.

For Appellant: *Captain Thomas L. Strand* (argued); *Richard P. Fox, Esq., Colonel George R. Stevens, Major Robert G. Gibson, Jr.* (on brief); *Captain Willard K. Lockwood.*

For Appellee: *Lieutenant Colonel Bruce R. Houston* (argued); *Colonel James P. Porter* (on brief).

*Opinion of the Court*

FLETCHER, Judge:

At his general court-martial,[1] appellant properly requested trial before a military judge, sitting alone. This was summarily disapproved by the military judge without explanation. Appellant then moved for reconsideration of this denial, which motion was, likewise, denied. We granted review to consider whether the military judge

1. Appellant was tried before a general court-martial with members. Contrary to his pleas, he was found guilty of five specifications alleging willful disobedience of orders and one specification alleging unauthorized absence, in violation of Articles 90 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 890 and 886, respectively. He was sentenced to dismissal from the service, confinement at hard labor for 6 months, forfeiture of $1,200.00 pay per month for 6 months and a fine of $10,000.00. The convening authority approved only so much of the sentence as provided for dismissal from the service, confinement at hard labor for 6 months, forfeiture of $1,009.00 pay per month for 6 months and a fine of $10,000.00. The Court of Military Review affirmed.

erred in denying, without reasons, appellant's request for trial by military judge alone. 10 M.J. 392 (1981).

■ We conclude that, under Article 16, Uniform Code of Military Justice, 10 U.S.C. § 816, discretion lay with the military judge to treat this request by an accused. Such discretion, however, is not peremptorily absolute and is subject to review for abuse. Under the present facts, the summary denial of appellant's request, with no articulation of reasons for this judicial exercise of discretion, renders our review impossible. Thus, we are compelled to reverse.

■ There is of course no absolute right by the accused to a trial by military judge alone. Article 16; paras. 4e and 53d (2)(a), Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Ward*, 3 M.J. 365 (C.M.A.1977). The most recent amendment to Article 16 [2] was patterned after Fed.R.Crim.P. 23(a),[3] the constitutionality of which was upheld in *United States v. Singer*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). In *Singer*, appellant urged unsuccessfully a violation of constitutional rights by the placing of conditions on his ability to waive trial by jury. The High Court upheld the validity of Fed.R.Crim.P. 24(b), observing that "[a] defendant's only constitutional right concerning the method of trial is to an impartial trial by jury." *United States v. Singer, supra* at 36, 85 S.Ct. at 790.

With this clear principle in mind, the Government now argues before us that there is no support in law or logic to require a military judge to state on the record his reasons for judicial disapproval of a proper request for a bench trial. To sustain this argument, they appropriate an argument successfully made in *Singer*, that is, "[b]ecause of . . . confidence in the integrity of the federal prosecutor, Rule 23(a) does not require that the Government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver." *United States v. Singer, supra* at 37, 85 S.Ct. at 791. Thus, government counsel before us extrapolates that equal trust ought to repose in the judges of the military justice system and judicial reasons should not be required on the record in the denial of the instant request. Notwithstanding our undiminished confidence in the integrity, professionalism, and capability of federal military judges, we are unable to concur with the Government's line of reasoning.

■ In point of fact, it is precisely because of our confidence in the military judge's pivotal role that we here rule that this judge erred by summarily denying this request for a bench trial while failing to make the rationale for his exercise of discretion a matter of record. There are at least two practical reasons to impose on the military judge a burden of elucidation. Primarily, it has become clear in the military justice system that the military judge has become the central active figure in the trial process; he is no mere referee; he assures the fairness of the trial and the adequacy and completeness of the record. His exercise of discretion may well be based on grounds other than those motivating the accused's request. His discretionary power to deny cannot be reviewed by appellate courts unless *his* reasons can be reviewed. Secondly, although of much lesser importance, cost efficiencies should encourage bench trials where appropriate and properly requested by an accused. Thus, military judges cannot be allowed to abuse their discretion by summarily denying such requests for no reviewable reasons.

■ Thus, we rule that a military judge is required as a matter of judicial responsibility to make the basis of his denial a matter of record. This ruling in no way should be construed as a fettering of his discretionary power; rather, it allows his fairness to be rendered explicit.

---

**2.** *See* Hearing Before and Special Reports Made by Committee on Armed Services, 90th Cong., 2d Sess., 8307–70 (1968).

**3.** "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." Fed.R.Crim.P. 23(a).

The decision of the United States Air Force Court of Military Review is reversed. The findings and sentence are set aside. The record is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

EVERETT, Chief Judge (concurring):

Unlike the members of a court-martial, a military judge usually is not under the command of a convening authority. Moreover, statutory provisions help safeguard the independence of military judges from commanders. *See* Articles 26(c) and 37, 10 U.S.C. §§ 826(c) and 837, respectively. In order to assure that an accused servicemember might receive the full benefit of this independence, Congress authorized trials by military judge alone upon request of an accused. Further, unlike Fed.R.Crim.P. 23(a), the Code—in recognition of the "possibility of undue prejudicial command influence that is not present in civilian life" * —does not require consent by the Government for a bench trial.

In *Singer v. United States*, 380 U.S. 24, 37–38, 85 S.Ct. 783, 791–792, 13 L.Ed.2d 630 (1965), the Supreme Court left open the possibility that, despite the unconditional language of Fed.R.Crim.P. 23(a), the Government might not be allowed to insist on trial by jury for a defendant who wished to be tried by judge alone. Subsequently, it has been held that—for such reasons as complexity of the issues or pretrial publicity—a defendant may be entitled to waive a jury trial, even though the Government has not consented thereto. *United States v. Braunstein*, 474 F.Supp. 1 (D.N.J.1979).

I infer that Congress intended for the Uniform Code to be interpreted in a somewhat similar manner. Thus, a military judge has broad—but not unlimited—discretion to deny an accused's request for a bench trial. For example, the judge may properly determine that, because of the particular issues raised in a case or because of his own involvement in a related case, the findings and sentence should be left to the court members.

Should the judge be obligated to state his reasons for rejecting a request for a bench trial? Without such a statement of reasons, the task of reviewing on appeal the judge's exercise of discretion becomes very difficult. Moreover, there is little occasion to place on an accused and his counsel any obligation to announce explicitly a reason for their request. Indeed, the existence of at least two reasons can almost invariably be assumed—namely, (a) a desire to be tried by an official who is not under the command of the convening authority who referred the charges for trial; and (b) a wish to have guilt adjudged and sentence imposed by an officer who is legally trained. In view of the Uniform Code's purposes of eliminating "command influence" and increasing the professionalism in military justice, these reasons have the blessings of Congress. Therefore, I would not penalize appellant—whose defense counsel failed to state the obvious—by excusing the military judge from the obligation to express his reasons for denying the request for trial by judge alone.

COOK, Judge (dissenting):

I believe that my Brothers have misinterpreted both the judicial and legislative history of Article 16(1)(B), Uniform Code of Military Justice, 10 U.S.C. § 816(1)(B). At a time when trial by judge alone constitutes a significant segment, if not the majority, of the courts-martial tried today, it is all too easy to forget that such an option has not always been available to either a military or civilian accused.

During the pretrial hearing, the military judge informed the parties that "[t]he record should reflect that ... [he had] received at the bench a request ... [from] the accused in this case for trial before ... [military judge] alone. The request ... [was] disapproved." No responding comment was made by either civilian or mili-

---

* Senate Report No. 1601, 90th Cong., 2d Sess. (1968), reprinted in [1968] U.S.Code Cong. and Ad.News 4501, 4504.

tary defense counsel. Later, however, counsel moved "that the court reconsider its denial of the accused's request for trial by military judge alone," contending that "as . . . [the judge was] well aware, this is a statutory right, that is further explained by Section 53b(2) [53d(2)] of the MCM [Manual for Courts-Martial, United States, 1969 (Revised edition)] which indicates that the judge may allow arguments on the request." Counsel cited *United States v. Ward*, 3 M.J. 365 (C.M.A.1977), and *United States v. Morris*, 23 U.S.C.M.A. 319, 49 C.M.R. 653 (1975), in support of the motion. After a recess to review the precedents, the military judge announced:

> The court has before it a motion to reconsider the accused's request to be tried by judge alone. The court indeed has reconsidered that request, has read the Ward case. The disapproval which the court originally entered remains the same. The request for a judge alone trial is disapproved.

Nothing more was said on this subject.

## I

Because of unpleasant experiences under the domination of the British crown, the American colonists were quick to declare their insistence on the right to trial by jury in criminal cases.[1] "[I]n the Declaration of Rights adopted October 14, 1774," by the first Continental Congress, it was "resolved that 'the respective Colonies are entitled to the common law of England, and more especially to the great and inestimable privilege of being tried by their peers of the vicinage, according to the course of that law.'" 1 Journals of Congress 28, *quoted in Capital Traction Company v. Hof*, 174 U.S. 1, 6, 19 S.Ct. 580, 582, 43 L.Ed. 873 (1899).

Later, such right was recognized by the Constitution of the United States, as fol-

lows: "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury." U.S.Const. art. III, § 2. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S.Const. amend. VI. *See* the Judiciary Act of 1789, § 12, as cited in *Patton v. United States*, 281 U.S. 276, 301, 50 S.Ct. 253, 259, 74 L.Ed. 854 (1930), which states "the trial of issues in [of] fact in the circuit courts *shall*, in all suits, except those of equity, and of admiralty, and maritime jurisdiction, *be by jury*." Such an expressly granted right has been jealously guarded by the courts of the United States. In *Thompson v. Utah*, 170 U.S. 343, 351, 18 S.Ct. 620, 623, 42 L.Ed. 1061 (1898), the Court said:

> When Thompson's crime was committed, it was his constitutional right to demand that his liberty should not be taken from him except by the joint action of the court and the unanimous verdict of a jury of twelve persons.

In *Capital Traction Company v. Hof, supra* 174 U.S. at 13–14, 19 S.Ct. at 585–586, the Court said:

> "Trial by jury," in the primary and usual sense of the term at the common law and in the American constitutions, is not merely a trial by a jury of twelve men before an officer vested with authority to cause them to be summoned and empanelled, to administer oaths to them and to the constable in charge, and to enter judgment and issue execution on their verdict; but it is a trial by a jury of twelve men, in the presence and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts, and (except on acquittal of a criminal charge) to set aside their verdict if in his opinion it is against the law or the evidence. This

1. The "long-continued and consistent interpretation" of Article III, § 2, and the Fifth and Sixth Amendments to the Constitution is that they do not extend the right to jury trial to military courts. *Ex parte Quirin, et al.*, 317 U.S. 1, 40, 63 S.Ct. 1, 16, 87 L.Ed. 3 (1942); *Ex parte Milligan*, 71 U.S. (4 Wall.) 2, 18 L.Ed. 281 (1866); *United States v. Jenkins*, 20 U.S.C.M.A.

112, 42 C.M.R. 304 (1970). However, the model for Article 16(1)(B), Uniform Code of Military Justice, 10 U.S.C. § 816(1)(B) is Fed.R. Crim.P. 23(a), which is the result of a series of judicial decisions interpreting these particular provisions of the Constitution of the United States. *See* section II of text.

proposition has been so generally admitted, and so seldom contested, that there has been little occasion for its distinct assertion.

The right to trial by jury has been so firmly engrained in our jurisprudence that the concept to waive it was not accepted until much more recent times.[2] In *Patton v. United States, supra,* the Court rejected the view that to waive trial by jury in criminal cases was against public policy and would not be valid in any criminal case. Instead, it affirmed the power of the defendant in a criminal case to waive trial by jury and submit to trial by judge alone; but, in so doing, the Court cautioned:

Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from the mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

*Id.* 281 U.S. at 312–13, 50 S.Ct. at 263.

Having accepted the concept of waiver of trial by jury, the courts have closely scruti-

nized the exercise of the consent to such waiver. In *Adams v. United States ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942), McCann chose to defend himself and sought to waive trial by jury.

The Assistant United States Attorney consented, and the judge (one of long trial experience and tested solicitude for the civilized administration of criminal justice) entered an order approving·this "waiver."

*Id.* at 271, 63 S.Ct. at 238. However, after being convicted, McCann hired an attorney who promptly contested the jurisdiction of the court to conduct a trial without a jury based upon the attempted waiver of a *pro se* defendant. The Court held that an unrepresented defendant could waive the right to trial by jury, and stated:

There is nothing in the Constitution to prevent an accused from choosing to have his fate tried before a judge without a jury even though, in deciding what is best for himself, he follows the guidance of his own wisdom and not that of a lawyer.

*Id.* at 275, 63 S.Ct. at 240. But the Court examined the waiver to ensure that the decision was "taken with ... express, intelligent consent, where the Government also consent[ed], and where such action ... [was] approved by the responsible judgment of the trial court." *Id.* at 277–78, 63 S.Ct. at 240–241.

Based on the rationale of these cases, Fed.R.Crim.P. 23 was adopted which provides:

(a) *Trial by jury.* Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

In *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965), the

---

**2.** Circuit Justice Joseph Story posed this question:

"Suppose they had answered that they wished to be tried by the court, could the court have tried the cause otherwise than by jury? ... The constitution decides how he shall be tried, independent of any election on

his part. The plea of not guilty puts the party for all purposes upon his trial by jury." *United States v. Gibert,* 25 Fed.Cas. 1287, 1306 (C.C.D.Mass.1834), quoted in Orfield, *Trial by Jury in Federal Criminal Procedure,* 1962 Duke L.J. 29, 57.

requirement of Rule 23 that both the Government and the trial judge consent to an accused's request for trial by judge alone as a prerequisite to granting such request was challenged. The Court recognized that there was no federally recognized right to a criminal trial before judge alone, but that a defendant could, in some instances, waive his right to trial by jury. The Court stated:

In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

.    .    .    .    .

In upholding the validity of Rule 23(a), we reiterate the sentiment [citation omitted] that the government attorney in a criminal prosecution is not an ordinary party to a controversy, but a "servant of the law" with a "twofold aim ... that guilt shall not escape or innocence suffer." ... Because of this confidence in the integrity of the federal prosecutor, Rule 23(a) does not require that the Government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver. Nor should we assume that federal prosecutors would demand a jury

trial for an ignoble purpose. We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial .... [S]ince petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case.

*Id.* at 36, 37–38, 85 S.Ct. at 790, 791–792.

The lower courts have consistently held that there is no right to waive trial by jury or to insist on trial by judge alone. *See United States v. Joyce,* 499 F.2d 9 (7th Cir. 1974), *cert. denied sub nom. Joyce v. United States,* 419 U.S. 1031, 95 S.Ct. 512, 42 L.Ed.2d 306 (1974); *United States v. Bowles,* 428 F.2d 592 (2d Cir. 1970), *cert. denied,* 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970); *Dixon v. United States,* 292 F.2d 768 (D.C.Cir.1961); *Mason v. United States,* 250 F.2d 704 (10th Cir. 1957); *Shaw v. United States,* 299 F.Supp. 824 (D.Ga.1969). And the consent of the Government and of the trial judge have been generally considered essential. *United States v. Morlang,* 531 F.2d 183 (4th Cir. 1975); *United States v. Johnson,* 496 F.2d 1131 (5th Cir. 1974), *cert. denied,* 421 U.S. 981, 95 S.Ct. 1983, 44 L.Ed.2d 473 (1974).

However, based upon the caveat in *Singer,* some courts have considered the refusal of the Government to consent in light of reasons advanced by the defendant in support of his request for trial by judge alone. In *United States v. Morlang, supra,* the court found that the defendant "recited the very substantial publicity that the case had received" as a ground for granting his request for waiver. However, that defendant offered "no evidence to establish 'reasons' 'so compelling that the Government's insistence on trial by jury would result in the denial to the defendant of an impartial trial,' ..." *Id.* at 186, 188. In *United States v. Braunstein,* 474 F.Supp. 1 (D.N.J. 1979), the court granted a bench trial over objection by the Government on the basis of costs in time and money since it was "a

5-defendant case, with separate attorneys for each, plus another for the government"; the complicated laws involved; the complex accounting rules and practices that would have to be explained to the jury; the complicated instructions that would have to be given to the jury; and the necessary evidentiary rulings where evidence which might be admissible against only one or more of the defendants might make it "unlikely to have fair assurance that a jury could consider each charge against that defendant independently of the verdicts in respect to other charges or against other defendants." *Id.* at 13, 14. The court based its ruling on a reading of Fed.R. Crim.P. 23(a) and 2, and specifically rejected any constitutional grounds. In reaching its decision, the court cataloged a series of federal cases where the defendants offered allegations, and even evidence, in support of requests for waiver of trial by jury.

## II

Prior to 1968, there was no provision in military law for trial by military judge alone.[3] With the increased stature provided to the military judge (formerly law officer), there was interest in providing a means to permit such a practice. S.752, 89th Cong., 2d Sess. § 12 (1965), proposed to amend Article 55, UCMJ, 10 U.S.C. § 855, to provide an "opportunity [to the accused] to waive his right to a trial by the members of the court and elect instead to be tried by the law officer of the court"; however, such a waiver required "the consent of the trial counsel." H.R. 273, 89th Cong., 1st Sess. § (2) (1966), would have amended Article 16 to provide for trial by "only a law officer, if before the court is assembled the accused, knowing the identity of the law officer and after consultation with counsel, requests in writing a court composed only of a law officer and the convening authority consents thereto." The Proposed Substitute Bill for S.750 (sec. 1); S.752, 89th Cong., 1st Sess., adopted the language of the House bill. In the comments accompanying the textual material, the following is found:

> Although such a procedure has not heretofore been available in any of the Armed Forces, an analogous method of disposition of criminal cases is provided in the Federal courts by rule 23 of the Federal Rules of Criminal Procedure.

Joint Hearings before the Subcommittee on Constitutional Rights of the Committee on the Judiciary and a Special Subcommittee of the Committee on Armed Services, United States Senate, 89th Cong., 2d Sess., 690–91 (1966).

Ultimately, the Military Justice Act of 1968, P.L. 90–632, was passed and became law. In the accompanying Senate Report No. 1601, 90th Cong., 2d Sess. (1968), reprinted in [1968] U.S.Code Cong. and Ad. News 4501, 4504–05, the analysis of the Article 16 amendment states:

> The bill as passed by the House made the election of the accused to be tried by such a single-officer court subject to the approval of the military judge and the consent of the convening authority. The committee has amended the provision by deleting the requirement for consent by the convening authority.... The command structure in the military presents a possibility of undue prejudicial command influence that is not present in civilian life. In any case, the military judge, after having heard arguments from both trial counsel and defense counsel concerning the appropriateness of trial by a military judge alone, will be in the best position to protect the interest of both the Government and the accused.

In interpreting Article 16, this Court has followed the civilian rationale. In *United States v. Morris*, 23 U.S.C.M.A. 319, 49 C.M.R. 653 (1975), we held that "[a] request for trial by judge alone ... [was] not operative on its submission by the accused, but rather on approval by the judge," and we agreed with the conclusion of the court

---

**3.** *United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970). Up to this time, the "normal" and only "mode" was trial by a court-martial composed of members. *Patton v. United States*, 281 U.S. 276, 300–01, 50 S.Ct. 253, 258–259, 74 L.Ed. 854 (1930).

below "that Congress intended to invest the judge with some discretion as to whether to approve or disapprove a submitted request." *Id.* at 324, 49 C.M.R. at 658. *See also United States v. Bryant*, 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975). Later, in *United States v. Ward*, 3 M.J. 365, 367 (C.M.A. 1977), we equated Article 16 to Fed.R. Crim.P. 23(a) and held:

> While Article 16 does not require the consent of the Government, it does require the approval of the military judge. Such approval is a necessary prerequisite for a bench trial and Article 16, like rule 23a, creates no absolute right to trial by judge alone.

*Cf. United States v. Paulin*, 6 M.J. 38 (C.M. A.1978).

### III

My consideration of the legislative and judicial backgrounds of Article 16 of the Uniform Code leads me inescapably to conclude:

1. That a military accused has a primary right, as is true of a civilian accused, to trial by members.[4]

2. That the privilege to waive such right is to be carefully scrutinized in its exercise to ensure that it is intelligently and informatively made.[5]

3. That there is no constitutional or statutory impediment to attaching conditions to the exercise of the privilege.[6]

4. That the requirement for the military judge's consent to the request for trial by judge alone is reasonable and is similar to the requirement for the consent of the Government and the trial judge under Fed. R.Crim.P. 23(a).[7]

5. That the military judge has the discretion to approve or disapprove such a request and his discretion should not be overturned except in cases of demonstrated abuse.[8]

This leads me to the ultimate question now before us:

> Is the military judge required to give reasons for refusing a request for trial by judge alone?

My Brothers say he is, without saying more, and this is my point of departure. In no other area of judicial discretion of which I am aware is a military judge forced to give reasons for his discretionary decision without benefit of the specific objections and arguments of counsel. I believe that my Brothers put the "cart before the horse." The better rule would be to require that an accused seeking reconsideration of a denial of a request for trial by judge alone give reasons why such a request should be granted and, where pertinent, why the military judge should reverse his prior action. In this manner, both counsel could present argument, evidence, or proffers of evidence, and the military judge would have the entire matter before him for an informed decision. In like manner, reviewing authorities, including this Court, would have a factual predicate upon which to test the decision for abuse of discretion. Just as the military judge need not rule in an evidentiary vacuum, we should not overturn his ruling for no reason whatsoever.

The procedure I advocate places no undue burden on the accused, since he alone is best situated to know why he wishes to waive his right to trial by members.[9] Further, it

---

4. *United States v. Jenkins*, 20 U.S.C.M.A. 112, 117, 42 C.M.R. 304, 309 (1970) (Ferguson, J., dissenting).

5. *United States v. Jenkins, supra.*

6. *United States v. Ward*, 3 M.J. 365 (C.M.A. 1977); *United States v. Morris*, 23 U.S.C.M.A. 319, 49 C.M.R. 653 (1975).

7. *United States v. Ward, supra.*

8. *United States v. Morris, supra; United States v. Bryant*, 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975).

9. Without attempting to catalog the myriad possibilities, one reason might be the possibility of command influence in the selection of court members. However, a request for trial by judge alone, based on this reason, led to reversal of the conviction because improper standards were used in the selection of court members. *United States v. Greene*, 20 U.S.C. M.A. 232, 43 C.M.R. 72 (1970).

provides much more information for the trial judge and appellate reviewers to aid them in fully understanding the grounds for the ultimate decision.

In this case, trial defense counsel offered no reasons to the military judge explaining why the judge should either grant the request for trial by judge alone, or reconsider and reverse his earlier decision to deny the request. Lacking either, I find no error and would affirm the decision of the United States Air Force Court of Military Review.