**UNITED STATES, Appellee,**

v.

**Private E–2 Richard A. SCHAFFNER,
SSN 574–26–4838, United States
Army, Appellant.**

**SPCM 18839.**

U.S. Army Court of Military Review.

24 Aug. 1983.

---

* Judge Foreman took final action in this case     prior to his reassignment from the Court.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain James A. McAtamney, JAGC, and Captain Jesse W. Bendahan, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain David A. Brown, JAGC, and Captain Michael S. Child, JAGC, were on the pleadings for appellee.

Before CLAUSE, COKER and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

On 3 December 1982, the initial session of Schaffner's trial was held. At that session, the trial judge advised him of his forum rights and asked Schaffner to make an election. Schaffner requested a jury trial with enlisted members. He was then arraigned and entered pleas of not guilty to the several charges. The trial was then continued until 14 December 1982.

At the opening Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a) (1976), session of the second session of Schaffner's trial, the prosecutor informed the trial judge that the court members had already been called and were scheduled to arrive in just over an hour. When asked if there was anything else to take up at the Article 39(a), *supra,* session, the trial defense counsel replied that Schaffner desired to change his pleas to guilty and also desired to be tried by judge alone. Schaffner's counsel told the trial judge that the decision to request trial by judge alone had been reached the previous day. The prosecution objected to the change in forum and pointed out that this was the second time Schaffner had changed his mind concerning forum and that notification of the latest change was not given until 1600 hours on 13 December.

The trial defense counsel responded that there was yet sufficient time to contact the court members and that any inconvenience would be compensated for by the time and expense saved by a judge alone trial.

The judge ruled:

If this wasn't the second time that this situation had been changed in such a short period of time, I might be inclined to go along with the request, if we could get the court members called off. But, particularly since I did issue notice at the last hearing of any changes in forum, pleas, or anything of that nature, should be made in a timely fashion, I feel, at this point, that the request for judge alone is untimely. This is the second time we've had these court members show up, only to be dismissed, on this particular case. The first time was because counsel weren't ready to go to trial. So, if there is a request for trial by judge alone made, I will deny that . . . . [I]t's not just in this particular case. There are any number of cases here, in the future. This case stands out because this would be the second time that the court members have been called and have been sent away without performing their duties. I think that that is an unreasonable burden to place on the government to have to keep calling court members in and sending them off and it's an unreasonable burden to put on those court members. If they can be fair and honest in their decision,

and they have been a fair and just court in the period of time that they've set, I believe it is in the best interest of all that we proceed with this case as a jury trial. Your request for trial by judge alone will be denied.

Schaffner was convicted upon his pleas of guilty to the wrongful sale of five grams of marijuana, an assault upon a person in the execution of police duties, and the wrongful communication of a threat. He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $367.00 pay per month for three months, and reduction to the grade of Private E–1. The sentence was approved.

Schaffner asserts that the trial judge erred by denying his request for trial by judge alone and that a rehearing on the sentence is thus required. We disagree.

There is "no absolute right by the accused to a trial by military judge alone." *United States v. Butler,* 14 M.J. 72, 73 (C.M.A. 1982). The ruling of the trial judge on the matter is not, however, immune from review. Rather, his ruling is reviewable for an abuse of discretion. *Ibid.*

While reasonable men might have ruled differently on Schaffner's judge alone request, such is not the test for an abuse of discretion. The decision of the trial judge was based upon reasonable considerations and was within the sound exercise of his discretion. *Cf. United States v. Ward,* 3 M.J. 365 (C.M.A.1977); *United States v. Winn,* 46 C.M.R. 871 (A.C.M.R.1972).

The findings and sentence are affirmed.

HANFT, Judge (dissenting in part):

A federal military trial judge is by no means clothed with the degree of independence afforded a federal district court judge. He is, however, given a protection unique within the military establishment, for, unlike military jurors, he is not under the command control of the convening authority who referred the charges for trial. It is for this reason, I believe, that a non-jury trial within the military, while not a matter of right, does occupy a favored status. And to protect that status, it is quite appropriate that a military trial judge must state his reasons should he deny a request for a non-jury trial so that this decision can be reviewed for an abuse of discretion. *United States v. Butler,* 14 M.J. 72 (C.M.A.1982). From my review of the record of trial in this case, I find that the trial judge clearly abused his discretion in concluding that the request for a non-jury trial had been untimely made.

At the 3 December 1982 session, the trial judge stated:

> The case will be continued, then, until 14 December at 0830 hours. We will go to trial on that date. If anything comes up in the interim, a change of attorney or anything of that nature or whatever happens, that attorney better be informed that before he accepts the case, he will be required to go to trial on the 14th of December.

At the 14 December session, however, the judge recalled his remarks somewhat differently:

> You will recall, at our last session on the 3d of December, I advised, at that time, that, if anything came up to change the posture of this case, I was to be informed about it sufficiently in advance of trial, to make the necessary arrangements.

> .    .    .    .    .

> [S]ince I did issue notice at the last hearing of any changes in forum, pleas, or anything of that nature, should be made in a timely fashion, I feel, at this point, that the request for judge alone is untimely.

The only clear message contained in the judge's concluding remarks during the 3 December session was that the trial would proceed on 14 December regardless of "a change of attorney or anything of that nature or whatever happens...." Contrary to the remembrance of the judge, he did not specify that any notice be given to him of any change of forum. Furthermore, the only time limitation placed upon a request for a bench trial is that it be made "before the court is assembled." Article 16, Uni-

form Code of Military Justice, 10 U.S.C. § 816 (1976). In this case it was so made.

After the trial judge ruled on 14 December that any request for a non-jury trial would be untimely, the trial defense counsel requested reconsideration of that decision on the ground that a bench trial would expedite the matter. To that the judge replied:

> No, I have . . . in considering this, it's not just in this particular case. There are any number of cases here, in the future. This case stands out because this would be the second time that the court members have been called and have been sent away without performing their duties. I think that that is an unreasonable burden to place on the government to have to keep calling court members in and sending them off and it's an unreasonable burden to put on those court members

> . . . . Your request for trial by judge alone will be denied.

This is strange logic indeed, the application of which resulted not only in the very antithesis of the cost efficiencies which encourage bench trials, *United States v. Butler, supra,* at 73, but also, in my opinion, in a clear abuse of discretion by the trial judge. *See generally, United States v. Morris,* 23 U.S.C.M.A. 319, 324, 49 C.M.R. 653, 658 (1975).

As this was a guilty-plea case, I join the majority in affirming the findings of guilty. However, I would order a rehearing on the sentence.