UNITED STATES, Appellee,

v.

Private First Class Bobby BAUMGART,
463–45–6737, United States
Army, Appellant.

ACMR 8600548.

U.S. Army Court of Military Review.

6 March 1987.

For Appellant: Major Joel D. Miller,
JAGC, Captain Robert P. Morgan, JAGC,
Captain Kevin G. Sugg, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary
F. Roberson, JAGC.

Before O'ROURKE, RABY and
CARMICHAEL, Appellate Military
Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

The terms of appellant's pretrial agreement required him to waive his statutory right to a trial by court members. The military judge ascertained during the providence inquiry that this provision originated with appellant. In fact, the record reflects the following colloquy between the military judge and appellant:

MJ: Now you understand ... you have an absolute right to be tried by a court with members.

ACC: Yes, sir.

MJ: And so I take it that this was your idea to waive your right to a trial composed of members.

ACC: Yes, sir.

\* \* \* \* \* \*

MJ: Anybody make any threats or promises or anything of this nature to get you to plead guilty?

ACC: No, Your Honor.

MJ: Or to get you to waive your right to a trial composed of members.

ACC: Not at all, Your Honor.

It thus appears that appellant freely and voluntarily waived his statutory right to trial by a court-martial composed of members. Accordingly, we find his guilty plea provident. Manual for Courts-Martial, United States, 1984 [hereinafter cited as M.C.M., 1984], Rule for Courts-Martial [hereinafter cited as R.C.M.] 705(c)(1)(A) and (c)(2)(E); M.C.M., 1984, Analysis of R.C.M. 705(c)(2)(E), App. 21, A21–36 and cases cited therein.[1]

We are aware that the United States Court of Military Appeals has granted a petition for review in *United States v. Santos*, CM 448578 (A.C.M.R. 13 June 1986) (unpubl), *petition granted*, 23 M.J. 289 (C.M.A.1986), on the following issue:

---

1. An argument can be advanced that whenever the terms of a pretrial agreement purport to waive an appellant's right to a trial by members, such a term, in effect, deprives appellant of the "right to complete sentencing proceedings" within the meaning of R.C.M. 705(c)(1)(B); however, we do not believe that it was the intent of the drafters of the Manual to create conflicting provisions within R.C.M. 705, and thus we decline to construe R.C.M. 705(c)(1)(B) in such a manner.

Whether the provision of the pretrial agreement requiring the accused to waive his right to be tried by members is void as contrary to public policy.

Although we dislike the practice of waiving trial by members, *see, e.g., United States v. Perkins*, ACMR 8600837 (A.C. M.R. 13 Feb. 1987) (unpub.) especially in light of the advantage it appears to give the government in negotiating pretrial agreements,[2] nonetheless we believe the practice currently is authorized under existing military law.

The findings of guilty and the sentence are affirmed.

Chief Judge O'ROURKE and Judge CARMICHAEL concur.

---

**2.** An aggressive staff judge advocate, considering the preeminent bargaining position he occupies as the convening authority's principal legal advisor, probably will be able to convince the defense counsel in a given general court-martial jurisdiction that their clients will receive more favorable "deals" by waiving their right to a trial by members. Over a period of time, the continuous use of this tactic could effectively dampen, if not as a practical matter destroy, an appellant's statutory option to a trial by members and yet, meet the subtle requirements for "voluntariness" of a negotiated plea. For other views concerning this practice, *see generally United States v. Giordano*, NMCM 860981 (N.M.C.M.R. 8 Sep. 1986) (unpub.). *Compare* the majority opinion of Chief Judge Gormley in *Giordano*,

condoning the practice of submitting pretrial agreements with provisions waiving a trial by members, *with* the opinion of Judge Grant concurring in result. Judge Grant traces the legislative history of Article 16, Uniform Code of Military Justice, and concludes that, because the practice of the command was to require a provision for trial by judge alone "as a condition precedent to favorably considering the agreement . . . *the influence of the convening authority in the forum selection process was equally prevalent*" and resulted in the "contravention of Article 16." We believe, however, that currently military law requires that we uphold the use of the practice, at least under the particular facts of this case.