**UNITED STATES, Appellee,**

v.

**Private E-1 Brian C. RALSTON, 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, United States Army, Appellant.**

**ACMR 8700114.**

U.S. Army Court of Military Review.

22 May 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Stewart C. Hudson, JAGC, Captain Mary C. Cantrell, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC (on brief).

Before O'ROARK, RABY, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Appellant, pursuant to his plea, was found guilty of violating Articles 81, 91, 121, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. secs. 881, 891, 921, 928 and 934 (1982).

Appellant asserts that his pretrial agreement is void as against public policy because it requires waiver of his right to trial before a court with members.

Appellant's offer to plead guilty contains the following express provision: "I further agree to the following term or condition [Reference Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 705(c)(2)(B–E)]: Waive my right to a trial composed of members."

During the providence inquiry the military judge and appellant engaged in the following colloquy:

MJ: And you do understand that you have an absolute right to a trial composed of members?

ACC: Yes, sir.

MJ: So was that your idea to waive your right to a trial composed of members?

ACC: Yes, sir.

■ Based on the above dialogue and the structure of appellant's "OFFER TO PLEAD GUILTY," we are satisfied that this waiver provision contained in appellant's pretrial agreement was a freely conceived defense product. Accordingly, we find appellant's assertion of error to be without merit. *United States v. Zelenski*, 24 M.J. 1 (C.M.A.1987), citing *United States v. Schmeltz*, 1 M.J. 8 (C.M.A.1975), *conviction reversed on other grounds*, *Schmeltz v. United States*, 1 M.J. 273 (C.M.A.1976); *see United States v. Baumgart*, 23 M.J. 888 (A.C.M.R.1987).

■ However, we would be remiss if we failed to make the following observations. First, in *Zelenski*, the Court of Military Appeals strongly indicated that it "did not condone" the practice of waiving the right to trial by members as a pretrial agreement condition. In *Baumgart*, we too inveighed our disapproval of this practice. Second, in the future, military judges have a duty to "closely scrutinize" this form of agreement on the record during the providence inquiry to see if any service or local command policy exists which would undermine Congress' intent "to provide the ... accused a viable option to be tried by members or by military judge alone." [1]

*Zelenski*, 24 M.J. at 2. Third, we have serious reservations whether an accused truly enjoys a viable trial-forum option if his counsel advises him to waive the forum option prior to the prearraignment Article 39(a) session without gaining a tangible benefit. Court-martial composition may change radically during the interval between conclusion of pretrial negotiations and the prearraignment Article 39(a) session at which point trial-forum elections are normally and to best advantage made. These changes could significantly affect the accused's decision as to which trial-forum option to select.[2]

Notwithstanding the above, we wish also to reaffirm unequivocally our acceptance of the precedent flowing from *United States v. Jones*, 23 M.J. 305 (C.M.A.1987). However, the issue in this case involves fundamental values concerning the military justice system not, in our view, raised by *Jones*. *See generally Zelenski*, 24 M.J. 1; *United States v. Flores*, ACMR 8600439 (A.C.M.R. 18 Mar.1987) (unpub.) (Raby, S.J., concurring in result)(Appendix).

The findings of guilty and the sentence are affirmed.

Chief Judge O'ROARK concurs.

CARMICHAEL, Judge, concurring:

Based on the reservations expressed by the United States Court of Military Appeals in *United States v. Zelenski*, 24 M.J. 1 (C.M.A.1987), as well as those expressed by this court, defense counsel have been put on notice to use extreme caution in advising their clients to waive a forum option as part of an offer to plead guilty. Furthermore, military judges now have a

---

1. For this reason, the relevant circumstances surrounding the waiver decision must be obtained so that this court can determine whether an express or implied command policy of the type referred to in *Zelenski* exists. In this regard, the *unexplained* inclusion of this type of waiver in a majority of the negotiated guilty pleas in a given jurisdiction over a significant time period may give rise to an inference that local command policy requires such a provision.

2. Since *Zelenski*, 24 M.J. at 2, requires any such waiver to be a "freely conceived defense product" and also implicitly condemns service or local command policy "which might undermine" the legislative intent that the accused enjoy a *viable* trial forum option, it would appear that any defense counsel's advice advocating such waiver because of the belief that it is necessary to comply with a *perceived* command policy, would be without legitimate basis and could possibly violate DR 1–102(A)(5), Model Code of Professional Responsibility (1980).

sua sponte duty to determine on the record whether a forum-option waiver is a "freely conceived defense product." If such a waiver provision is to be included in an offer to plead guilty, defense counsel should annotate their case files indicating the provision's origin and the benefit that will be realized by the accused from its inclusion. By so doing, defense counsel will be prepared, and will have prepared their clients, to respond fully and candidly to the military judge's questions about a forum-option waiver during the providence inquiry.

### APPENDIX

Extracted from *United States v. Flores*, ACMR 8600439 (A.C.M.R. 18 Mar.1987)

RABY, Senior Judge, concurring in the result:

I am compelled to concur with the result of my brother's opinion; however, I remain concerned about the future effects of this practice on our system of military justice. *See generally United States v. Baumgart*, [23 M.J. 888], ACMR 8600548 (A.C.M.R. 6 Mar.1987). In addition to the concerns expressed in *Baumgart*, I wish to muse whether we gatekeepers of military law are not inadvertently finding more and more novel ways in which gradually to ease line officers and commanders out of the military justice system—moving it ever closer to the civilian justice model. Quaere: If this trend continues, could we reach a point, *in futuro*, where the military justice system is no longer unique, and thus is no longer necessary? Secondly, the unfettered election given to an accused to choose trial either by members (officer or officer and enlisted) or by judge alone, constitutes an important right. Statistics in the Army show that military judges impose both punitive discharges and confinement in a greater percentage of cases than do courts-martial with members. Further, even military judges are not totally immune from attempts at unlawful command influence, and preserving this unfettered trial-forum election right helps dispel public distrust of our courts-martial. Thus, I find that

strong public policy arguments can be made against this practice, although current law condones this type of waiver. Incidentally, I find this case clearly distinguishable from *United States v. Jones*, 23 M.J. 305 (C.M.A.1987), a case with which I am in total agreement.