UNITED STATES

v.

Specialist Four Ernest D. BOYD, 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, US Army, 66th Maintenance Company, 87th Maintenance Battalion, 2d Support Command (Corps), APO New York 09031.

SPCM 12143.

U. S. Army Court of Military Review.

Sentence Adjudged 14 May 1976.

Decided 27 Oct. 1976.

Appellate Counsel for the Accused: CPT Ronald M. Riggs, JAGC; CPT Robert D. Jones, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Gay M. Holmes, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr, JAGC; COL Thomas H. Davis, JAGC.

OPINION OF THE COURT

DRIBBEN, Judge:

A special court-martial empowered to adjudge a bad-conduct discharge convicted appellant, in accordance with his pleas of guilty, of assault and aggravated assault in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. He was sentenced to be discharged from the service with a bad-conduct discharge, to be confined at hard labor for four months, and to forfeit $240.00 pay per month for four months. Pursuant to a pretrial agreement, the convening authority approved the sentence but suspended the bad-conduct discharge.

The pretrial agreement entered into by the convening authority and the appellant provided in part that:

"The accused further agrees to waive his right to have his sentence determined by a board of officers or a board of officers and enlisted members, at least ⅓ being enlisted."

Appellant now contends that his pleas of guilty were improvident as they were entered pursuant to a pretrial agreement which was void as against public policy.

The remaining operative facts with which we are concerned may be briefly stated. While questioning the accused about the pretrial agreement, the military judge asked whose idea it was that the clause in question be a part of that agreement. After accused answered, "My idea, I guess," the trial defense counsel elaborated:

"... it was stated to us, before we had made a decision as to a jury or judge alone trial, that the agreement would be conditioned upon not having the sentence determined by a board of officers or a board of officers with at least one-third enlisted members; that would be part of the agreement.

\* \* \* \* \* \*

The defense—we do waive that right in the agreement. We have no qualms about waiving that right, but it did not originate with us."

The Court of Military Appeals in *United States v. Schmeltz*, 23 U.S.C.M.A. 377, 50

C.M.R. 83, 1 M.J. 8 (1975), considered a similar provision in a pretrial agreement to the effect that the accused would request trial before a military judge alone. The Court did not condemn that clause because it originated with and was part of the accused's offer in order to encourage the Government to enter into the agreement. Moreover, it was established in that instance that the convening authority imposed no obligation upon the accused to forego his right to be sentenced by a court with members. These facts were disclosed by the military judge closely and extensively questioning the accused as to the nature and origin of the provisions of the pretrial agreement. However, Senior Judge Ferguson, writing for the Court, expressly refused to condone the provision in question and reminded convening authorities that the Court has repeatedly stated that pretrial agreements should concern themselves only with bargaining on the charges and sentence. *Schmeltz, supra*, 23 U.S.C.M.A. at 379, 50 C.M.R. at 85, 1 M.J. 8. *See also United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975); *United States v. Troglin*, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972); *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968); *United States v. Schaffer*, 46 C.M.R. 1089 (A.C.M.R. 1973).

In the case *sub judice*, the requirement that appellant waive his right to a trial before a court with members originated with the Government. Although appellant may have had no qualms about waiving that right in order to obtain the pretrial agreement, it is improper in a negotiated plea to lead the accused to believe his judicial confession of guilt requires him to forego his statutory right to trial by a court-martial with members. *See* Article 16, UCMJ, 10 U.S.C. § 816. This constitutes extrajudicial infringement upon the trial and its procedures. *United States v. Holland, supra.*

The military judge was apparently aware of this clause's potential to constitute error. Nevertheless, he did not dispel the appellant's belief that the clause was required in order to qualify for the pretrial agreement.

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge COOK and Judge DeFORD concur.