UNITED STATES, Appellant,

v.

Sidney S. CONNELL, Private, First Class, U. S. Marine Corps, Appellee.

No. 39,558.

NCM 79 1763.

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Commander T. C. Watson, Jr.*, JAGC, USN; *Lieutenant William C. Martucci*, JAGC, USNR (on brief).

For Appellee: *Commander Walter J. Landen*, JAGC, USN; *Lieutenant Commander I. D. Warden, Jr.*, JAGC, USN (on brief).

## Opinion of the Court

PER CURIAM:

Pursuant to his pleas of guilty, appellee was convicted by military judge sitting as a special court-martial of three offenses in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced to a bad-conduct discharge, confinement at hard labor for 75 days, forfeiture of $150 pay per month for 3 months, and reduction to pay grade E–1. The convening authority approved this sentence on the ground that the pretrial agreement, which would have required a reduction of the sentence, had become inoperative because the appellant had violated its post-trial misconduct clause. The supervisory authority approved the convening authority's action, but the United States Navy Court of Military Review set aside the findings of guilty and the sentence on the ground that appellant's pleas of guilty had "been entered improvidently." 9 M.J. 758, 761 (1980). A motion by the Government for reconsideration was denied, whereupon the Judge Advocate General of the Navy certified to this Court two issues concerning the correctness of the determination as to improvidence of the plea and of the remedial action taken by the Court of Military Review. 9 M.J. 265.

Basically, we already have answered the certified issues by our opinion in *United States v. Dawson*, 10 M.J. 142 (C.M.A.1981). In the case at bar, the post-trial misconduct clause was invalid; and the pretrial agree-

ment should be enforced and applied as if it had never contained such a clause. Accordingly, any deficiency in the military judge's inquiry into appellee's understanding of this clause is irrelevant and does not vitiate the providence of the plea. Therefore, no occasion existed to set aside the findings of guilty and the sentence.

The decision of the United States Navy Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy for remand to that Court for further proceedings in accordance with this opinion.

COOK, Judge (concurring in part and dissenting in part):

I disagree with that portion of the majority opinion which holds that the post-trial misconduct clause in the pretrial agreement was invalid as a matter of law.* *See* my dissenting opinion in *United States v. Dawson*, 10 M.J. 142, 151 (C.M.A.1981).

In addition, I would like to point out the following interchange from the providence inquiry conducted by the military judge:

MJ: Do you understand also that you are on what could be described as a period of probation under this pretrial agreement, that is after the date of trial but before the convening authority, Lieutenant Colonel WUNDERLICH, takes his action on the record of trial should you engage in any misconduct amounting to a violation of the UCMJ or any state or federal law, then the convening authority is not bound by the provisions of this agreement? Is that understood?
ACC: Yes, sir.
MJ: Is it understood also that that may be a period of several weeks?
ACC: Yes, sir.

.    .    .    .    .

* The clause is part of a pre-printed "Memorandum of Pretrial Agreement" form and reads:
It is further understood that the convening authority will not be bound by the terms of this agreement should I engage, after date of trial, but before the action of the convening authority, in any misconduct amounting to a violation of the Uniform Code of Military

MJ: Now, I'm not going to—I've already mentioned this, PFC CONNELL—go over the limitation on the sentence, but is there any question in your mind as to what you and the convening authority have agreed to do in this pretrial agreement as to the limitation on sentence?
ACC: No, sir, there is no question whatsoever in my mind.
MJ: All right. At this point I must say that this document has nothing in it, or provisions that is, which is contrary to public policy, nothing contrary to appellate case law, and certainly nothing contrary to my own notion of fundamental fairness. The pretrial agreement is now accepted by this court.

Subsequent to trial, the convening authority received four allegations of misconduct by the accused in the confinement facility. He then held a hearing where the accused was given an opportunity to "show cause why the pretrial agreement . . . should not be voided as a result of" the charges. The accused appeared at the hearing accompanied by his detailed defense counsel and apparently admitted the truth of the allegations. The convening authority, "[a]fter careful consideration of the allegations . . . and the information provided by . . . [the accused] and his counsel, . . . [decided] to declare null and void the . . . [pretrial] agreement." This procedure exceeds that required by *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). Since this case was tried two years before our decision in *United States v. Dawson, supra,* I would answer both certified questions in the negative and I concur in reversing the decision of the United States Navy Court of Military Review.

Justice or state or federal criminal law. Should such misconduct occur, the convening authority may take his action on this case without being bound by the provisions of this agreement.
A stipulation of fact discloses that the defense "was told that this clause was not subject to negotiation in this case."