**UNITED STATES, Appellee,**

v.

**Andrew T. ZELENSKI, Corporal U.S. Marine Corps, Appellant.**

**No. 52,733.**
**NMCM 85 0005.**

U.S. Court of Military Appeals.

April 13, 1987.

For Appellant: *Lieutenant Commander Alvin L. McDonald*, JAGC, USN (argued).

For Appellee: *Lieutenant Howard B. Goodman*, JAGC, USNR (argued); *Captain Carl H. Horst*, JAGC, USN and *Lieutenant David O. Vollenweider*, JAGC, USNR (on brief); *Captain Wendell A. Kjos*, JAGC, USN and *Commander Michael P. Green*, JAGC, USN.

*Opinion of the Court*

SULLIVAN, Judge:

On September 28, 1984, appellant was tried by special court-martial at the Law Center, Marine Corps Air Station, El Toro, Santa Ana, California. He was charged with six specifications of larceny and two specifications of uttering forged checks, in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923, respectively. In accordance with a pretrial agreement, appellant pleaded

guilty to the larceny specifications and not guilty to the forgery offenses. The military judge permitted the Government to withdraw the latter specifications and to consolidate two of the larceny specifications; then he found appellant guilty of the remaining five larceny specifications.

Appellant was sentenced by the military judge to a bad-conduct discharge, confinement for 6 months, forfeiture of $390.00 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening authority approved this sentence, and the Court of Military Review affirmed.

We specified the following issue for review:

> WHETHER THE MILITARY JUDGE'S FAILURE TO QUESTION APPELLANT AND HIS COUNSEL CONCERNING A STATEMENT CONTAINED IN THE PRETRIAL AGREEMENT THAT APPELLANT AGREED TO BE TRIED BY MILITARY JUDGE ALONE RENDERED HIS PLEAS OF GUILTY IMPROVIDENT. *SEE UNITED STATES V. KING*, 3 M.J. 458 (C.M.A. 1977); *UNITED STATES V. GREEN*, 1 M.J. 453 (C.M.A. 1976); *UNITED STATES V. SCHMELTZ*, 1 M.J. 8 (C.M.A. 1975).

In response to certain comments made at oral argument, we sought and received affidavits from the concerned parties as to the origin of this provision in appellant's pretrial agreement. We now affirm.

■ Appellant's pretrial agreement contains the following provision: "The defendant agrees to waive the right to trial by court-martial composed of members." This Court in *United States v. Schmeltz*, 1 M.J. 8 (C.M.A. 1975), did not condone the inclusion of such a provision in military plea agreements. However, it also refused to invalidate a guilty plea on this basis alone where it "was a freely conceived defense product." *Id.* at 12.* *See United States v. Schaffer*, 12 M.J. 425, 427 (C.M.A. 1982); R.C.M. 705(c)(2)(E), Manual for

---

* This case was subsequently reversed on other grounds. *Schmeltz v. United States,* 1 M.J. 273

Courts-Martial, United States, 1984. We reaffirm this position today.

Our reluctance to fully accept this provision in all guilty plea cases without regard to its point of origin is not chimerical. It is grounded instead on Congress' decision to provide the military accused a viable option to be tried by members or by military judge alone. Art. 16(2)(C), UCMJ, 10 U.S.C. § 816(2)(C); *United States v. Butler*, 14 M.J. 72, 78 (C.M.A. 1982) (Cook, J., dissenting); *see also Military Justice Act of 1983 Advisory Commission Report*, Vol. 1, Ch. I, Part I at 4–6 (Dec 1984). Accordingly, service or local command policy which might undermine this legislative intent through the medium of standardized plea agreements will be closely scrutinized.

■ Turning to the present case, we have been asked whether appellant's plea should be invalidated because the military judge failed to particularly question appellant about the trial-by-judge-alone provision in his pretrial agreement. We find the inquiry in this case to be less than desirable. *Cf. United States v. Schmeltz, supra* at 10. However, we note that the military judge, before he was aware of the agreement or its terms, did examine appellant's request to be tried by judge alone, explain it and its ramifications to him, and approve it. *Id.* at 12 n. 2. We are also satisfied on the basis of the affidavits submitted to this Court that the suggestion of service or command origination raised at oral argument was unfounded. In the absence of any other indication to the contrary, affirmance is appropriate. *See United States v. Jones*, 23 M.J. 305 (C.M.A. 1987).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

COX, Judge (concurring in the result):

See my separate opinion in *United States v. Jones*, 23 M.J. 305, 308 (C.M.A. 1987).