UNITED STATES

v.

**Andrew J. HUBER, Seaman Apprentice,**
**U.S. Coast Guard.**

CGCM 9997.

No. 895.

U.S. Coast Guard Court of
Military Review.

22 May 1987.

Trial Counsel: LCDR Michael J. Devine,
USCG.

Defense Counsel: LCDR Stefan G. Venc-
kus, USCG.

Appellate Defense Counsel: LT M.J.
Zmaczynski, USCGR.

Appellate Government Counsel: LCDR
Arthur R. Butler, USCG.

DECISION

BAUM, Chief Judge:

In accordance with a pretrial agreement, Seaman Apprentice Andrew J. Huber, USCG, pled guilty on 7 October 1986 to one specification of wrongful use of cocaine and three specifications of wrongful distribution of cocaine, all in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 812a. The judge sentenced the accused to a bad conduct discharge, confinement for three years, reduction to pay grade E–1 and forfeiture of all pay and allowances. Pursuant to the terms of the negotiated plea, the convening authority approved only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for 1 year, reduction to pay grade E–1 and forfeiture of two thirds pay per month for twelve months. In addition, he suspended for twelve months, the confinement in excess of 9 months and 18 days. Appellate defense counsel, citing *U.S. v. Zelenski*, 24 M.J. 1 (CMA 1987), has submitted to this Court, without argument, the following assignment of error:

[THE] PRETRIAL AGREEMENT PRO-
VISION THAT APPELLANT IS TO
PROCEED BY JUDGE ALONE IS IN-
VALID AND RENDERS HIS PLEAS
OF GUILTY IMPROVIDENT

The Government, in response, has asserted that this case is in compliance with *Zelenski, supra*, because the record of trial shows that the military trial judge closely scrutinized the terms of the pretrial agreement, conducted an extensive inquiry on the matter, and found that the option of choosing to be tried by military judge alone in lieu of by members had been voluntarily and providently exercised.

In *U.S. v. Zelenski, supra*, the issue before the court was whether the military judge's failure to question the accused and his counsel concerning a pretrial agreement provision requiring trial by military judge alone rendered the pleas of guilty improvident. The principal opinion, after citing

*U.S. v. Schmeltz,* 1 M.J. 8 (CMA 1975) for the proposition that such provisions in military plea agreements are not condoned and after finding the judge's inquiry in the case to be less than desirable, went on to affirm the findings and sentence in the absence of indication that the provision in question was originated by the government. The stated reluctance to fully accept such a provision, without regard to its point of origin, was grounded on "Congress' decision to provide the military accused a viable option to be tried by members or by military judge alone."

The instant case presents a different set of facts. Here, the judge's inquiry into the plea bargain was more than adequate. It fully established the intent and understanding of the parties and, in the process, revealed that the idea for trial by judge alone originated with the convening authority, not the accused and his counsel. Another factual difference between this case and *Zelenski, supra,* concerns the wording of the agreement. The provision in the instant agreement does not expressly agree to either waive the right to trial by court-martial composed of members or to request that the court be composed of the military judge alone. Moreover, the agreement, on its face, does not make it clear that the sentence terms are contingent on the accused's proceeding throughout the trial with judge alone, rather than with members. Instead, the relevant provision in the instant agreement submitted by the accused simply states:

4. After consulting with my defense counsel, and being fully advised of the rights I will give up, I offer, freely and voluntarily, in accordance with references (a) [R.C.M. 705, Manual for Courts-Martial (Rev.84)], and (b) [Part 220, Military Justice Manual, COMDTINST M5810.1A] to:

a. Plead guilty at a general court-martial, before a military judge alone, to the enclosed charges, and to the specifications thereunder.

The convening authority's letter response, which contained the sentence terms re-states the offer to plead guilty before the judge as follows:

"Since you have offered to plead guilty at a general court-martial before a military judge alone to Charge I and the specifications thereunder and to additional Charge I and it's specification, I agree, as convening authority, not to approve a sentence in excess of a bad conduct discharge, twelve months confinement, and forfeiture of two thirds pay per month for twelve months, and reduction to pay grade E1."

■ This agreement could be interpreted as leaving the door open to sentencing by members, since it refers only to *pleading guilty* before a military judge alone. Such pleas are routinely taken by the judge who also enters findings of guilty, even in trials with court members. That the real intention of the parties to the agreement was to require a trial without members was made clear on the record, however, by the judge's thorough inquiry into this matter, thus demonstrating the importance of the judicial inquiry with respect to pretrial agreements. The colloquy on this subject was as follows:

MJ:

You've also elected to go military judge alone or this has become part of the agreement versus going with members; is that correct?

ACC:

Yes, that is.

MJ:

Where did that provision originate? Did it originate with you and/or your counsel or did it come back from the convening authority?

DC:

Your Honor, I think I'm better able to answer that.

MJ:

You may remain seated.

DC:

That was part of the give and take of working out the pretrial agreement. There was no pressure or coercion by the convening authority to force a judge alone trial. It was just one of the ele-

ments of give and take. I presented an agreement based on members, and I received a better agreement with the judge alone provision.

MJ:

You mean better as far as sentence limitations?

DC:

Yes, Your Honor.

MJ:

Is that your understanding, Seaman Apprentice Huber?

ACC:

Yes, it is.

MJ:

You understand that there could have been, theoretically, a pretrial agreement allowing you to go before members?

ACC:

Yes, I do understand that.

MJ:

Did you feel forced in the sense that you had no other choice, "take this or it's all gone"?

ACC:

No, I did not.

MJ:

Do you feel comfortable with the judge alone provision?

ACC:

Yes, I do.

MJ:

You don't feel forced in any way of having to take that provision?

ACC:

No.

MJ:

It's just give for that, is the way I understand the negotiation, correct?

DC:

Yes, Your Honor.

MJ:

Seaman Apprentice Huber, do you understand all of the provisions of this agreement, including the sentence limiting portion which I have not yet examined?

ACC:

Yes, I do.

MJ:

Do you have any questions about what you signed and what you agreed to?

ACC:

No, I do not.

MJ:

Is your understanding of what the agreement says the same now as it was when you signed the agreement?

ACC:

Yes, sir.

MJ:

I don't think there's any disagreement. Do both counsel concur in the understanding of the pretrial agreement?

TC:

Yes, Your Honor.

DC:

Yes, Your Honor.

MJ:

Seaman Apprentice Huber, in order to obtain this agreement, have you agreed to do anything or give up any right that is not actually described in the agreement itself?

ACC:

No, I have not.

MJ:

Does this pretrial agreement include all of the understandings of all the parties to this agreement?

TC:

Yes, Your Honor.

DC:

Yes, Your Honor.

MJ:

Seaman Apprentice Huber, do you realize you may cancel this agreement at this time and enter pleas of not guilty?

ACC:

Yes, I do.

MJ:

Knowing that, do you still want to plead guilty to these offenses?

ACC:

Yes, I do.

MJ:

I find that the agreement was entered into freely, knowingly, intelligently and

voluntarily, and I find that the provisions of this pretrial agreement to be in accordance with appellate case law, not against public policy, and not contrary to my own concepts of fundamental fairness.

ROT pages 76 to 81.

■ It is clear from the foregoing that the agreement required trial by judge alone and it is equally clear that this requirement did not originate with the accused and his counsel. While the origination of such a term is a possible pivotal factor in deciding the validity or invalidity of such a provision, in the view of the majority in *U.S. v. Zelenski, supra,* we believe that aspect of the negotiated plea should be subordinate to the question of whether the accused's right to trial by members was a viable option that was not undermined. In the final analysis, that is the most important matter for determination when confronting the issue raised here. The defense counsel's answers to the trial judge resolve the question beyond any doubt. Appellant's right to a trial with court members was not undermined by the plea bargain in this case. Counsel's answers, in our view, also lend support to the position of Judge Cox

who has offerred cogent reasons for disassociating himself from the view that the "point of origin or 'sponsorship' of any particular term of a pretrial agreement is outcome determinative." *U.S. v. Jones,* 23 M.J. 305, 308 (CMA 1987) cited in the concurring in the result opinion in *U.S. v. Zelenski, supra* at 2.

We find the appellant's assignment to be without merit. In our view, the pretrial agreement in this case was valid and the pleas of guilty were provident. Furthermore, we have determined the findings and sentence to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below and partially suspended, are affirmed.

Judges BRIDGMAN and GRACE concur.*

---

* Judges Burgess and Josephson did not participate in the decision in this case.