**UNITED STATES**

v.

**Lee W. BRAY, III, 514 68 8454, Machinist's Mate Second Class (E–5), U.S. Navy.**

**NMCM 87 1661.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 12 March 1987.

Decided 28 April 1988.

LCDR Robert J. Smith, JAGC, USN, Appellate Defense Counsel.

Lt. Christine M. Hayes, JAGC, USNR, Appellate Defense Counsel.

Lt. Kevin R. Smith, JAGC, USNR, Appellate Government Counsel.

Before BYRNE, GLADIS and ALBERTSON, JJ.

GLADIS, Judge:

■ In accordance with guilty pleas entered pursuant to a pretrial agreement at a special court-martial bench trial, the accused was convicted of unauthorized absence, missing movement through design, and two wrongful uses of cocaine, in violation of Articles 86, 87, and 112*a*, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 887, and 912*a*, respectively, and sentenced to a bad-conduct discharge, confinement for 120 days, forfeiture of $438.00 per month for four months, and reduction to pay grade E–1. An officer exercising general court-martial jurisdiction, taking action for the convening authority who was unavailable, approved the sentence, but probationally suspended confinement in excess of 60 days, and forfeitures in excess of two-thirds pay per month for two months.[1]

Although the accused had not requested appellate representation, this Court ordered the appointment of appellate counsel and sought the position of counsel on the effect of *United States v. Zelenski*, 24 M.J. 1 (C.M.A.1987) on the case. In *Zelenski*, a majority of the Court noted that in *United States v. Schmeltz*, 1 M.J. 8 (C.M.A.1975), it had not condoned the inclusion of a provision in a pretrial agreement whereby the accused agreed to waive the right to trial by court-martial composed of members, but had refused to invalidate a guilty plea on this basis alone where it was a freely conceived defense product. The majority observed that its reluctance to fully accept the provision was grounded on the decision of Congress to provide the military accused a viable option to be tried by members or military judge alone; accordingly, the Court promised to scrutinize closely service or local command policy which might undermine this legislative intent through the medium of standardized plea agreements. Although the trial judge's inquiry concerning the terms of the pretrial agreement

---

1. The action should state the exact amount in whole dollars. *See* R.C.M. 1003(b)(2).

was less than desirable in *Zelenski*, the Court affirmed because, after examining the affidavits of the parties, it found no indication that the provision for trial-by-judge-alone was service—or command—originated. Moreover, the trial judge explained to the accused the ramifications of his request for trial by judge alone.

Appellate defense counsel contends that in this case the military judge's failure to question the accused on the pretrial agreement provision waiving both trial by a court composed of members and out-of-area witnesses on sentencing at Government expense rendered his pleas improvident. She submitted an affidavit from trial defense counsel in which he stated that the provision did not originate with the defense, but was a boiler plate provision included in every pretrial agreement at the Naval Legal Service Office, San Francisco, without which a pretrial agreement could not be obtained. He did not discuss the provision with trial counsel. The accused was advised of the situation and acquiesced in a pretrial agreement with the provision.

Appellate Government counsel submitted an affidavit from trial counsel and the negotiations work sheet on which defense counsel's initial offer was made. The work sheet provides the accused with the options of waiving members or not waiving members and of waiving out-of-area witnesses or not waiving out-of-area witnesses. In the affidavit trial counsel stated that, to the best of his knowledge, during negotiations there was no specific discussion about the accused's waiver of members or out-of-area witnesses. Neither the convening authority nor trial counsel initiated the judge-alone provision. Defense counsel typed the agreement which the accused and the convening authority signed.

■ Pleas of guilty pursuant to a pretrial agreement containing a provision originating with the convening authority whereby the accused agrees to waive his right to trial by members may be affirmed when the record demonstrates that the accused's right to trial by members was a viable option that was not undermined. *United States v. Huber*, 24 M.J. 697 (C.G. C.M.R.), *pet. denied*, 25 M.J. 435 (C.M.A. 1987).

■ In the light of *Zelenski, supra,* we find that the military judge's inquiry concerning the trial-by-judge-alone provision was inadequate.[2] The posttrial affidavits and the negotiations work sheet are conflicting. It is unnecessary, however, to resort to an additional evidentiary hearing to resolve the conflict. The accused has not demonstrated that he has been prejudiced by the inclusion of the trial-by-judge-alone clause in the pretrial agreement. It is the duty of a reviewing court to ignore errors that are harmless. *United States v. Remai*, 19 M.J. 229, 232 (C.M.A.1985), citing *United States v. Hasting*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). UCMJ, Article 59(a), 10 U.S.C. § 859(a), provides that a finding or sentence of a court-martial may not be held incorrect on the grounds of an error of law unless the error materially prejudices the substantial rights of the accused. The inclusion in a pretrial agreement of a provision which is void because it violates public policy does not *ipso facto* render an accused's pleas improvident, but is an error that must be tested for prejudice. *See United States v. Connell*, 13 M.J. 156 (C.M.A.1982); *United States v. Dawson*, 10 M.J. 142, 150, 151 (C.M.A.1981). An accused who suffers no detriment by virtue of such a provision is entitled to no relief at the appellate level.

The accused does not contend and there is no indication that he would have chosen trial by members in the absence of the pretrial agreement provision whereby he agreed to waive his right to trial by members. *See United States v. Johnson*, 21 M.J. 211 (C.M.A.1986) (an accused who claims he has been deprived of his statutory right to counsel by misadvice may be

---

2. This case was tried before *Zelenski* was decided. Examples of more extensive inquiries are found in *Schmeltz* and *Huber, supra.*

required to show that he would have exercised that right had he received the correct advice); *United States v. Ayala,* 21 M.J. 977 (N.M.C.M.R.1986). Therefore, he has suffered no detriment by virtue of the trial-by-judge-alone provision and is entitled to no relief. *United States v. Giordano,* No. 86 0981 (NMCMR 8 September 1986) (unpublished) (Grant, J., concurring in the result), *pet. denied.* 25 M.J. 252 (C.M.A. 1987).[3] Accordingly, the findings of guilty

and sentence as approved on review below are affirmed, with forfeitures in excess of $438.00 pay per month for two months probationally suspended.

Chief Judge BYRNE and Judge ALBERTSON concur.

[3]. In *Giordano,* a case tried before *Zelenski* was decided, where the practice of the command was to require the trial-by-judge-alone provision as a condition precedent to favorably considering a pretrial agreement offer, the accused submitted such a provision in his original pretrial agreement offer. The majority, relying on *United States v. Blevins,* 22 M.J. 817 (N.M.C.M.R. 1986) and quoting the observation in Manual for Courts–Martial, United States, 1984, Appendix 21, Analysis at A21–36, that it is of no legal consequence whether the accused's counsel or someone else conceived the idea for a specific provision in a pretrial agreement as long as the accused can freely choose whether to submit a proposed agreement and what it will contain, held that the provision did not violate public policy because it did not originate with the accused and affirmed the findings. Judge Grant, concurring in the result, found that although requiring an accused to waive his right to trial by members as the *quid pro quo* for approving a pretrial agreement contravenes the congressional intent in enacting Article 16, UCMJ, 10 U.S.C. § 816, the accused was not prejudiced because he did not challenge the provision at trial or allege then or later that he would have exercised his right to be sentenced by members but for the provision in the pretrial agreement.