[redacted]

**UNITED STATES, Appellee,**

**v.**

**Private E1 David H. YOUNG, 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, United States Army, Appellant.**

**ACMR 9101244.**

U.S. Army Court of Military Review.

30 June 1992.

Reconsideration Denied 4 Aug. 1992.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

For Appellant: Captain Michael P. Moran, JAGC, Captain Timothy M. Lawlor, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Timothy W. Lucas, JAGC (on brief).

OPINION OF THE COURT

De GIULIO, Senior Judge:

On 10 June 1991, appellant was tried by a military judge sitting as a general court-martial. He pled guilty and was found guilty of willful damage to private property of a value of over $100.00 and larceny, in violation of Articles 109 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 909 and 921 (1982) [hereinafter UCMJ].[1] He was sentenced to a bad-conduct discharge, confinement for 18 months, and total forfeitures. The convening authority reduced the confinement to 12 months but otherwise approved the sentence.

Appellant asserts that the military judge erred to his prejudice by allowing the government to require appellant to waive his asserted right to members and agree to be tried by judge alone in exchange for the withdrawal of additional charges. We agree and set aside the sentence.

1. Appellant pleaded guilty and was found guilty of the larceny by exceptions and substitutions which did not change the nature of the offense.

After being advised of his forum rights, appellant elected to be tried by a court with officer members. Subsequently, he entered mixed pleas. In addition to entering guilty pleas as indicated in this opinion, he entered pleas of not guilty to additional charges and specifications alleging larceny and receiving stolen property. After completion of the providence inquiry, the military judge granted trial counsel a recess so he could determine if he would present evidence on the remaining offenses. After the recess, the trial counsel made the following announcement:

> [D]uring the recess I consulted with the Staff Judge Advocate and defense counsel representing the accused. And the government is willing to withdraw Additional Charge I and II but it's going to be contingent upon the accused withdrawing his request for an officer panel and his requesting to go forward with military judge alone. Just to give you a little historical background, sir. The defense had originally approached the government with a pretrial agreement, if you will, a week ago or so, the agreement was turned down. They then came forward and offered to plead guilty again, that offer was turned down also. He nonetheless pled guilty today. After, the provident plea—or after you found the plea provident, we contacted the defense and said we would be willing to dismiss the additional charges, but we did put the contingency on that he go judge alone. There was no agreement prior to the entering of the provident plea but based on that we have basically entered an agreement.

Defense counsel responded, "We'd like to go ahead and proceed with the rest of the trial with judge alone." The trial then proceeded by military judge alone.

**2.** Despite its unusual form, the arrangement in appellant's case is properly characterized as a "pretrial agreement." A pretrial agreement can be reached after a trial has already started. *See United States v. Walker*, 34 M.J. 264, 265 (C.M.A. 1992); *United States v. Schmeltz*, 1 M.J. 8 (C.M.A.1975), *rev'd on other grounds*, 1 M.J. 273 (C.M.A.1976). Although pretrial agreements are required by the Manual to be in writing, oral pretrial agreements and modifications have been held to be enforceable. *See* Manual for

Pretrial agreements[2] which have gone beyond bargaining on the plea and the sentence have always been viewed with caution, and the Court of Military Appeals has been quick to find public policy prohibitions when the agreement contains other provisions. *See, e.g., United States v. Mills*, 12 M.J. 1 (C.M.A.1981) (agreement to waive appellate review improper); *United States v. Green*, 1 M.J. 453 (C.M.A.1976) (agreement to waive right to individual or civilian counsel not enforceable); *United States v. Holland*, 1 M.J. 58 (C.M.A.1975) (agreement that deprives accused of due process will not be enforced); *United States v. Troglin*, 44 C.M.R. 237 (C.M.A. 1972) (violation of public policy for agreement to waive motion of former jeopardy); *United States v. Cummings*, 38 C.M.R. 174 (C.M.A.1968) (agreement waiving speedy trial or due process violates public policy). Conditions in pretrial agreements have been upheld where they are "the exclusive product of [an accused's] own, voluntary effort, not a response to a demand by the Government that they accept 'or else.'" *United States v. Lallande*, 46 C.M.R. 170, 173 (C.M.A.1973).

In appellant's case, the prosecution required the accused to be tried by a military judge alone. While the Court of Military Appeals has not condoned agreements which waive the right to trial by a court-martial composed of members, it has held that an accused would be bound by such a provision when it was a freely-conceived defense product. *Schmeltz*, 1 M.J. at 11–12. The theory used was that, although error, there was a loathing to permit an accused to attack his own action and claim relief. *Id.* at 12. Nevertheless, "the usual military practice of requiring the proposal

Courts–Martial, United States, 1984, Rule for Courts–Martial 705 [hereinafter R.C.M.]; *United States v. Manley*, 25 M.J. 346 (C.M.A.1987) (oral modifications to pretrial agreement enforced); *United States v. Smith*, 9 M.J. 537 (A.C.M.R. 1980) (pre-R.C.M. 705 case). Finally, agency principles apply when, as here, trial counsel acts on behalf of the convening authority. *Cf. United States v. Manley*, 25 M.J. 346 (C.M.A.1987); *Satterfield v. Drew*, 17 M.J. 269 (C.M.A.1984).

for a pretrial agreement to originate with the accused ... helps curb undue prosecution pressure for an accused to 'cop a plea.' " *United States v. Schaffer*, 12 M.J. 425, 428–29 (C.M.A.1982). The origin of the pretrial agreement proposal is important because Article 16(1)(B), UCMJ, 10 U.S.C. § 816(1)(B), resulted from a decision by Congress to provide a viable option for an accused to be tried by members or a military judge. *United States v. Zelenski*, 24 M.J. 1 (C.M.A.1987). *See also United States v. Ralston*, 24 M.J. 709 (A.C.M.R. 1987); *United States v. Baumgart*, 23 M.J. 888 (A.C.M.R.1987). Where an agreement contained a provision for waiver of trial by members which did not originate with the accused, the provision has been struck down. *See United States v. Boyd*, 2 M.J. 1014 (A.C.M.R.1976). Waiver of an accused's rights under the UCMJ will be rejected "where the evidence of record establishes that a government counsel, staff judge advocate, convening authority, or anyone participating in the prosecutorial function requires or strongly 'urges' inclusion of such a waiver provision." *United States v. Jones*, 23 M.J. 305, 307 (C.M.A. 1987).

In the case before us, the contingency was demanded by the prosecution. Appellant had to agree to the contingency "or else." He could give up his important right to trial by members or be prosecuted for more offenses. This is the very action that Article 16, UCMJ, was meant to prevent.[3]

Because the appellant pled guilty to the original charges and specifications, the providence inquiry was properly completed, and findings of guilty to those offenses were properly announced by the military judge, the findings of guilty need not be disturbed. Only the sentence was affected by the error.

Accordingly, the findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Judge HAESSIG concurs.

ARKOW, Judge (dissenting):

I respectfully dissent. While I agree with my Brothers on the law cited in the majority opinion, I disagree on its application to the peculiar facts of this case.

In addition to the comments of the trial counsel cited in the majority opinion, it is helpful to consider the complete discussion, at trial, between the military judge, the trial counsel, the defense counsel, and the appellant concerning the latter's request for trial by military judge alone.

MJ: The government's reconsidered [its] position about wanting to go forward [on the additional charges]?

TC: Exactly. I couldn't have said it better myself, sir.

MJ: We noticed. All right. So, a condition of your withdrawing the additional charges and their specifications is that the accused switch from a court with members and request trial by judge alone. Is that correct?

TC: That's correct, sir.

MJ: All right. Before we proceed any further then, Captain Wilson [DC] I understand you had earlier—why don't you just sit down for this, it would be easier. I understand earlier you had approached the government with some plea negotiations which did not come to fruition. Is that correct?

DC: Yes, sir.

MJ: However, subsequent now to the accused's plea without a deal, as we call it, the government has relooked [its] position and is willing to drop the additional charges in order—and not proceed, let the case come to conclusion with just the plea of guilty to the two charges and specifications that I've accepted, on the condition that the accused switch from a forum of members to military judge

---

3. This case was tried before the effective date of the change to R.C.M. 705(d) which permits the prosecution to propose conditions for pretrial agreements. Although we question whether a change to the Manual for Courts–Martial can change public policy expressed by a statutory provision, we need not decide that issue here.

alone. Have you discussed this with your client?

DC: Yes, sir.

MJ: And have you reached a decision on what you want to do in this matter?

DC: Yes, sir. We'd like to go ahead and proceed with the rest of the trial with judge alone as our forum.

MJ: All right. So, the accused would request trial by judge alone. Has that request been reduced to writing?

DC: Yes, sir.

MJ: All right. Let me take a look at it, please.

[DC hands document to MJ.]

MJ: All right. Private Young, your counsel and you apparently have signed this Request for Trial by Military Judge Alone that's just been handed to me and will be the next appellate exhibit.

ACC: Yes, sir.

MJ: Now, before I accept what's going on here, let me just reiterate with you your rights as to forum in these proceedings. You earlier indicated to me that you wanted to be tried before a court with members, officer members. Is that correct?

ACC: Yes, sir.

MJ: And you, at that time, indicated to me that you did not want to be tried by military judge alone. Do you understand that if you are tried by me alone, then, of course, I would be the one to determine guilt or innocence. In this case I've already accepted your plea of guilty, but I have not yet found you guilty—of the two charges and specifications and it would be up to me alone to determine an appropriate sentence at this point in the trial. Do you understand that?

ACC: Yes, sir.

The military judge properly explained the trial forum options to the appellant, who indicated that he understood them.

MJ: Of course, I will completely disregard the other charges that were preferred because they are going to be withdrawn by the government. Is that clear?

ACC: Yes, sir.

MJ: And you would be sentenced only on the charges that I found you guilty of.

ACC: Yes, sir.

MJ: Okay. Now, are you—now, let me just clarify with you, there was no deal or agreement with the government before when you pled guilty initially. Is that correct?

ACC: Correct, sir.

MJ: Have you discussed the offer that the government has made now, essentially, it's partially in response to your formal offer, but it's also in response to your plea of guilty. Do you agree that at this time, requesting judge alone and having the government withdraw the additional charges is in your best interest?

ACC: Yes, sir.

MJ: And do you want to do that?

ACC: Yes, sir.

MJ: You understand your right to have a court with members?

ACC: Yes, sir, I do.

MJ: And you want to give up the right to a court with members?

ACC: Yes, sir.

MJ: Okay. Anything else that you think needs to be covered, counsel?

TC: No, Your Honor.

DC: No, sir.

MJ: All right. I'm going to accept your request for trial—or approve the request for trial by judge alone, Private Young.

TC: Your Honor, at this time the government would move to withdraw Additional Charge I and II.

MJ: All right. Additional Charge I and II are withdrawn.

## I.

All of the cases cited by the majority deal with pretrial agreements and plea bargains. In this case we have neither. As indicated in the record, *supra*, pretrial negotiations were terminated before trial and appellant pleaded guilty without the benefit of any agreement.[1] The proffered ar-

---

1. Of course, a "pretrial agreement" can be negotiated at any time before findings are announced. For example, it is not unusual to negotiate such an agreement when an accused's

rangement was negotiated after the military judge found appellant's plea of guilty to be provident.[2] *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 705 [hereinafter R.C.M.] which defines a pretrial agreement as a promise to plead guilty and to fulfill other proper terms and conditions [3] in return for the convening authority taking certain actions regarding the case, typically a limitation on the sentence that will be approved or to withdraw one or more pending charges. A pretrial agreement must be freely and voluntarily entered into, it must originate with the accused and the defense counsel, and it must be in writing. *Id.*

As is evident from the record, what transpired has little relationship to a plea bargain. It was oral, there was no guilty plea, and the military judge did not review the terms of any agreement to ensure that they were understood by the appellant and that there were no *sub rosa* agreements.[4] R.C.M. 910(f). Accordingly, I would not apply the law relied upon by the majority in this case. Rather, I would examine the line of cases that address military judge alone requests and whether the military judge properly acted on appellant's request to be tried by a military judge sitting alone. I believe he did.

A general court-martial may consist of "only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests orally on the record or in writing a court composed only of a military judge and the military judge approves." Uniform Code of Military Justice, art. 16, 10 U.S.C. § 816 (1982) [hereinafter UCMJ].

Approval or denial of a request for trial by military judge alone is in the sound discretion of the military judge, as there is no absolute right to such a trial forum. *United States v. Butler*, 14 M.J. 72 (C.M.A. 1982); *United States v. Winn*, 46 C.M.R. 871 (A.C.M.R.1972), *petition denied*, 46 C.M.R. 1324 (C.M.A.1973). A military judge may not summarily deny a request for trial by judge alone: he must be able to articulate his reasons for denying such a request. *Butler*, 14 M.J. at 73.[5]

When appellant was initially advised of his forum options he indicated he desired a trial with members. Appellant requested trial by military judge alone after the military judge found his guilty plea to the original charges to be provident, and after hearing the government's proposal to withdraw the additional charges if he were to request trial by judge alone. Appellant, then after consulting with his counsel, submitted a written request for trial by judge alone. Upon its receipt the military judge again complied with R.C.M. 903(c)(2)(A) by exploring with appellant his forum options and the reasons for switching forums. The military judge assured himself that "there was no deal or agreement with the government" when appellant initially pleaded guilty and received assurances that requesting the change from a members' trial

---

motions are denied. *See e.g., United States v. Walker*, 34 M.J. 264, 265 (C.M.A.1992).

**2.** Although the government was willing to withdraw the additional charges contingent on appellant requesting trial by judge alone, I believe it is of no legal consequence who conceived the idea as long as appellant and his counsel freely choose to request trial by judge alone. I further believe it was a free choice which conferred a real benefit on appellant by substantially reducing the maximum permissible punishment in his case. *See United States v. Munt*, 3 M.J. 1082 (A.C.M.R.1977), *petition denied*, 4 M.J. 198 (C.M.A.1978).

**3.** Among the permissible conditions is a promise to waive the right to trial by court-martial composed of members or the right to request

trial by military judge alone. R.C.M. 705(c)(2)(E). Prior to 15 November 1991, only the defense could initiate pretrial negotiations. Currently both the government and defense counsel can initiate negotiations. Compare R.C.M. 705(d)(2) (C5, 15 Nov.1991) with earlier versions of the Rule. Under both versions it is permissible to promise to request trial by judge alone.

**4.** *See generally* Dep't of Army, Pam. 27–9, Military Judges' Benchbook, paras. 2–15 to 2–19 (1 May 1982) (C3, 15 Feb.1989).

**5.** Query: If the military judge denied the request because the government suggested it, and appellant was found guilty of the additional charges, would appellant complain that the request was arbitrarily denied?

to a judge alone trial was in appellant's best interests. *See supra*, at 44. I can only conclude that, although initiated by the government, appellant, after consulting with his trial defense counsel, and under the watchful eye of the trial judge, freely chose trial by judge alone. It was within the judge's discretion to grant or deny the request. The background leading to the decision was candidly laid before the military judge, including the fact that the proposal originated with the government, and he was able to make a knowing and informed decision on the request. His decision was well within his discretion and should not be second-guessed.

## II.

The practice of military criminal law has evolved significantly in many ways since the passage of the Uniform Code of Military Justice in 1950.[6] Most important in this evolution is how the independence of military trial judges has gone a long way in eliminating the spectre of questionable overbearing by the government at trials by court-martial. In order to ensure the full benefit of this independence, Congress authorized trial by judge alone.[7] *See Butler*, 14 M.J. at 74 (Everett, C.J., concurring). The role of the military judge in today's court-martial practice was aptly commented upon by the Court of Military Appeals in *Butler*:

> [I]t has become clear in the military justice system that the military judge has become the central active figure in the trial process; he is no mere referee; he assures the fairness of the trial and the adequacy and completeness of the record. . . . [C]ost efficiencies should encourage bench trials where appropriate and properly requested by the accused.

*Id.* 14 M.J. at 73. The concern of the majority of overbearing government representatives coercing an accused to request trial by judge alone is not extant under the facts of this case as the military judge was able to ensure there was no overbearing on the appellant and his counsel by the convening authority or his representatives.

Appellant was ably represented at trial by a member of the U.S. Army Trial Defense Service (USATDS),[8] an organization completely independent of the convening authority. *See* Army Reg. 27–10, Legal Services: Military Justice, Ch. 6, (22 Dec. 1989). Like the trial judiciary, USATDS counsel have been recognized by the courts for their competence and independence. *See United States v. Nelson*, 21 M.J. 573 (A.C.M.R.1985); *United States v. Treakle*, 18 M.J. 646 (A.C.M.R.1984); *See also United States v. Davis*, 20 M.J. 61 (C.M.A.1985). As with the military judge, the trial defense counsel ensured that appellant was not coerced into making an unwanted decision as to the trial forum.

The development of the independent judiciary and military defense bar has "transformed an excessively paternalistic system for litigating criminal cases into a truly adversarial one." *United States v. Means*, 20 M.J. 522, 528 (A.C.M.R.1985), *affirmed*, 24 M.J. 160 (C.M.A.1987). The cases cited by the majority represent one of the last vestiges of that paternalistic attitude. In deciding whether the trial judge erroneously approved appellant's request, I would decide the case on the facts in the record and not follow the *per se* rule based on the outmoded notion of paternalism advocated by the majority. Accordingly, I conclude the trial judge acted properly in approving appellant's request for trial by judge alone.

I would affirm the findings and sentence.

6. Pub.L. No. 81–506, 64 Stat. 108 (1950).

7. UCMJ art. 16, *as amended by* Military Justice Act of 1968, Pub.Law. No. 90–632 § 2(3), 82 Stat. 1335.

8. The USATDS was established in 1981 as a result of a growing concern that military defense counsel "were not adequately protected from improper command pressures, that inexperienced or incompetent officers were routinely assigned as defense counsel, that these officers tended to cooperate unduly with the government, and that prosecutors usually received better command support than did defense counsel." Howell, *TDS: The Establishment of the U.S. Army Trial Defense Service*, 100 Mil.L.Rev. 4 (1983).