UNITED STATES, Appellee,

v.

Specialist Jesse R. ANDREWS, 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, United States Army, Appellant.

ACMR 9300183.

U.S. Army Court of Military Review.

19 Nov. 1993.

For Appellant: Lieutenant Colonel Peter V. Train, JAGC, USAR, Captain Roy H. Hewitt, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Marcus A. Brinks, JAGC, Captain John G. Giovannelli, JAGC (on brief).

Before GRAVELLE, Senior Judge, and JOHNSTON, and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Senior Judge.

In conformity with his pleas, the appellant was found guilty of conspiracy to commit larceny, larceny, and false swearing, in violation of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, and 934 (1988) [hereinafter UCMJ]. A military judge sitting as a general court-martial sentenced the appellant to a bad-conduct discharge, confinement for sixteen months, forfeiture of all pay and allowances, and reduction to Private E1. In compliance with the terms of a pretrial agreement, the convening authority reduced the confinement to one year and one day, and otherwise approved the adjudged sentence.

The appellant asserts that "the military judge erred to the substantial prejudice of the appellant by approving the plea agreement in which the government required appellant to proceed by military judge alone or face a higher sentence limitation in the plea agreement." We disagree.

To decide this case, we must review a recent change to Rule for Courts–Martial

705 [hereinafter R.C.M. 705], which permits the government to propose waiver of the right to a court with members as a condition for granting a more favorable sentence limitation in the pretrial agreement. *See* Manual for Courts–Martial, United States, 1984, R.C.M. 705 (C5, 6 July 1991), [hereinafter MCM, R.C.M. 705, C5]. We hold that, by virtue of Executive Order No. 12767, dated 27 June 1991, amending the Manual for Courts–Martial, the government may propose such a condition.

## I. Facts

During the providence inquiry, the military judge properly explained the differences between trial with members, to include enlisted members, and trial by military judge alone. After the appellant acknowledged that he understood the differences, the defense counsel interjected the following:

> Your honor, could I be heard on this? I just want to make clear for the record, originally, we had elected to go with trial by members. However, as part of the negotiation process, the Government required that we submit to a trial by judge alone. I guess I should make that a little more clear. What they said was, that if we elected members, then the quantum portion would be higher than if we went with a trial by military judge alone. And weighing all the factors in the balance, Specialist Andrews made the decision to elect trial by judge alone under those circumstances. And that's the reason that we're here today.

The government did not dispute the defense counsel's assertion. The military judge then asked the appellant for his choice of forum, and the appellant elected trial by military judge alone. The appellant thereafter entered pleas of guilty.

The written pretrial agreement proposed by the appellant in this case offered inter alia "[t]o request trial by Military Judge alone." In examining this term during the providence inquiry, the military judge again advised the appellant of his right under the UCMJ to a court-martial composed of members. After again ensuring that the appellant understood this right, the military judge afforded the appellant the opportunity of withdrawing his judge-alone request and asking for a court with members. The appellant declined the opportunity. After a thorough providence inquiry, the military judge found the pleas provident, accepted the pleas, and entered findings of guilty.

## II. Law

Article 16, UCMJ, 10 U.S.C. § 816, provides that general courts-martial in each of the armed forces shall consist of—

(A) a military judge and not less than five members; or

(B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests orally on the record or in writing a court composed only of a military judge and the military judge approves. . . .

Article 16(1)(A) and (B), UCMJ. This provision is grounded on "Congress' decision to provide the military accused a viable option to be tried by members or by military judge alone." *United States v. Zelenski,* 24 M.J. 1, 2 (C.M.A.1987). Accordingly, any service or command policy, such as standardized pretrial agreements, which undermine this legislative intent "will be closely scrutinized." *Id.*

Rule for Courts–Martial 705 provides that an accused may enter into a pretrial agreement with a convening authority. The agreement may include "[a] promise by the accused to plead guilty . . . and to fulfill such additional terms and conditions which may be included in the agreement and which are not prohibited under this rule." R.C.M. 705(b)(1).

Until the amendment of R.C.M. 705 became effective in 1991, only the accused could initiate a pretrial agreement and propose terms of the agreement such as at issue here.[1] Change 5 to the Manual for

---

**1.** The amendment to R.C.M. 705 applies to all cases in which charges are preferred on or after

6 July 1991. Exec. Order No. 12767, § 4(c)

Courts–Martial includes a change to R.C.M. 705(c), which now permits pretrial negotiations to be:

> initiated by the accused, defense counsel, trial counsel, the staff judge advocate, the convening authority, or their duly authorized representatives. Either the defense or the government may propose any term or condition not prohibited by law or public policy.

R.C.M. 705(d)(1). Either the government or the defense may propose certain pretrial agreement terms that are listed in R.C.M. 705(c)(2). Specifically permitted under this part is a term which waives "procedural requirements such as ... the right to trial by court-martial composed of members ..." R.C.M. 705(c)(2)(E). Prohibited are conditions which are not freely or voluntarily agreed upon, and any term or condition:

> [that] deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; the complete and effective exercise of post-trial and appellate rights.

R.C.M. 705(c)(1)(A) and (B).

The U.S. Court of Military Appeals, in *United States v. Schmeltz*, 1 M.J. 8 (C.M.A.1975), while not condoning the practice of including forum choice in pretrial agreements, permitted a provision waiving a court composed of members in a pretrial agreement so long as the provision was a freely-given defense product. The court specifically declined to decide the issue on public policy grounds even though that argument had been raised by the appellant. *Id.* at 11. In the years since *Schmeltz*, neither the Court of Military Appeals nor the courts of military review have ever specifically held that a waiver of the right to a trial with members is void as against public policy.[2]

Nor have we found any civilian federal courts holding that waiver of the constitutional right to a jury trial as part of a pretrial agreement is void as against public policy. Indeed, waiver of the right to a jury trial is generally accepted in the federal courts. *See, e.g., United States v. Navarro–Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Such waiver, however, must be knowingly, voluntarily, and intelligently made. *Ricketts v. Adamson*, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987); *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). *See generally Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

Subsequent to *Schmeltz*, our court has permitted an accused to bargain away his right to a sentencing proceeding with members so long as the government did not require (or was perceived as requiring) waiver of members as a condition precedent to acceptance of a pretrial agreement. *See United States v. Martin*, 4 M.J. 852 (A.C.M.R.1978). We have heretofore refused to sanction such a provision when it originated with the government. *See, e.g., United States v. Cordova*, 4 M.J. 604 (A.C.M.R.1977); *United States v. Boyd*, 2 M.J. 1014 (A.C.M.R.1976).

In its most recent opinion on the subject, the Court of Military Appeals in *Zelenski*, 24 M.J. 1, while condemning systemized government interference with the appellant's right to forum selection, nevertheless affirmed Zelenski's conviction in the absence of an indication of government origination of the pretrial agreement term requiring trial by military judge alone. The service courts of review have followed this guidance. *See e.g. United States v. Young*, 35 M.J. 541 (A.C.M.R.1992); *United ed States v. Reed*, 26 M.J. 891 (A.F.C.M.R. 1988); *United States v. Bray*, 26 M.J. 661 (N.M.C.M.R.1988); *United States v. Ralston*, 24 M.J. 709 (A.C.M.R.1987); *United*

---

(1991). The appellant's trial occurred on 28 January 1993.

**2.** We note that a panel of this court *in dicta* questioned whether a recent change to R.C.M.

705(d) can change the "public policy" against waiver of the right to trial by members expressed in Article 16, UCMJ. *United States v. Young*, 35 M.J. 541, 543 n. 3 (A.C.M.R.1992).

*States v. Huber,* 24 M.J. 697 (C.G.C.M.R. 1987).

The opinions in *Schmeltz, Zelenski,* and all of the court of military review opinions cited above were rendered in cases tried prior to the effective date of Change 5 to the Manual for Courts–Martial, 1984. We have found no precedents which discuss the legal effect of Change 5 on R.C.M. 705 as it relates to pretrial agreements.

### III. Decision

■ We must decide if Change 5 to R.C.M. 705(c) now permits a different result than obtained in past precedents. We hold that the change to R.C.M. 705 now permits the government to propose, as a term of the pretrial agreement, that the appellant elect trial by military judge alone, and that the amount of the sentence limitation may depend on that election.

■ The appellant has a statutory right to select the forum for sentencing; he does not have a corresponding right to a pretrial agreement. *See e.g. United States v. Jones,* 23 M.J. 305, 309 (C.M.A.1987) (Cox, J., concurring in the result). We believe that an accused may knowingly and voluntarily forego the statutory right in order to take advantage of the protections afforded by a more favorable sentence limitation, such as in this case.

We agree with the Court of Military Appeals in *Schmeltz* that the intent of Congress was to give the military accused a viable choice regarding forum selection. We find a similar intent embodied in the Sixth Amendment right to a jury trial in civilian criminal proceedings, yet the civilian federal courts have long permitted bargaining away this constitutional right. *See Navarro–Botello,* 912 F.2d at 321. If constitutional rights may be waived in a plea bargain, we believe that statutory rights may also be waived. *Accord, Navarro–Botello,* 912 F.2d at 318 (permitting waiver of a statutory right to appeal the adjudged sentence).

We believe that the statement of the defense counsel quoted above describes the

practical considerations usually involved in pretrial agreement negotiations.[3] And, we believe that our holding likewise recognizes those practical considerations that induce a convening authority to enter into a pretrial agreement: the saving of time, manpower and money by avoiding a fully contested case. We recognize that one of those time-and-manpower considerations involves the court members. In civilian practice these realities have always been an integral part of the plea bargaining process. We believe that the President's decision to amend R.C.M. 705(c) recognizes this reality. *See* MCM, R.C.M. 705, analysis, C5.

■ We further believe that the President's amendment of R.C.M. 705 is not inconsistent with the Congress' intent to afford a military accused a viable option in forum selection. Therefore, we find that the government's proposing (and the accused's accepting) the provision involved here is not contrary to military law or public policy as specified in R.C.M. 705.

■ Finally, we find the appellant's pleas of guilty voluntary. The voluntariness of a plea is a question of law which is reviewed de novo on appeal. *Marshall v. Lonberger,* 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983). We find that the record amply demonstrates the appellant's knowing and voluntary waiver of his constitutional and statutory rights in pleading guilty. The plea inquiry fully complied with *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

We have reviewed the remaining assertion of error and find that it is without merit.

The findings of guilty and the sentence are affirmed.

Judge JOHNSTON and Judge BAKER concur.

---

3. We do not view the defense counsel's disclosure on the record as an objection to the government's negotiation methods or to the government-proposed term. Rather, we view the explanation merely as scrupulous compliance with R.C.M. 910(f), which requires full disclosure of the terms of the pretrial agreement.